BARNEY KRAVIT *vs.* UNITED STATES CASUALTY COMPANY.

Suffolk.    April 7, May 27, November 2, 1931. — January 26, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Insurance,* Burglary, larceny and theft; Validity.

In the body of a policy of insurance against burglary, larceny or theft were provisions that it was issued in consideration of the premium stipulated and of the statements in the schedule "hereinafter contained, which statements" the assured "makes and warrants to be true by the acceptance of this Policy," a stated condition being that it should be void if "there is fraud or misrepresentation or concealment concerning this insurance or any claim hereunder"; and in the schedule contained in the policy the insured stated that no burglary, larceny, theft or robbery insurance applied for or carried by him had ever been declined or cancelled; that he had not sustained any loss nor claimed indemnity for such loss either at the premises described or elsewhere within the preceding five years; and that he had not applied for any such insurance. At the trial of an action by the insured upon the policy, a jury found that the above statements by the insured were false. The plaintiff contended that, notwithstanding such findings, a finding for the plaintiff was warranted under G. L. c. 175, § 186, because there was no intent to deceive or because the matter misrepresented or made a warranty did not increase the risk of loss; but it was *held,* that said § 186 was not applicable, the provisions of the policy violated by the plaintiff being by its terms conditions precedent to its taking effect; and judgment was ordered for the defendant.

CONTRACT. Writ dated October 31, 1927.

In the Superior Court, the action was tried before *Weed,* J. Material facts and answers by the jury to special questions are stated in the opinion. The jury found for the plaintiff in the sum of $2,035.75, which was recorded with leave reserved under G. L. c. 231, § 120. The judge afterwards ordered entered a verdict for the defendant and reported the action for determination by this court.

*S. Sigilman,* for the plaintiff, submitted a brief.

*F. G. Moulton,* for the defendant.

BY THE COURT. This opinion, prepared by Mr. Justice Carroll, was approved by the court in his lifetime.

This is an action on a policy of insurance against loss by burglary, larceny or theft. The defendant's answer alleges that the policy was void because of the violation of its terms. The policy provided that the insurer, in consideration of the premium stipulated and of the statements in the schedule "hereinafter contained, which statements" the assured "makes and warrants to be true by the acceptance of this Policy, Does Hereby Agree To Indemnify the Assured . . . subject to the Special Agreements hereinafter contained . . . . No. 6. This policy shall be void: (a) If there is fraud or misrepresentation or concealment concerning this insurance or any claim hereunder." In the schedule contained in the policy, the assured stated that no burglary, larceny, theft or robbery insurance applied for or carried by him had ever been declined or cancelled; that he had not sustained any loss nor claimed indemnity for such loss either at the premises described or elsewhere within the last five years; that he had not applied for any such insurance. The jury, in answer to special questions submitted to them, found that these statements were false. The jury found for the plaintiff. Under leave reserved the trial judge ordered the entry of a verdict for the defendant and reported the case.

The plaintiff relies on G. L. c. 175, § 186, which is in these words: "No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss." That section, G. L. c. 175, § 186, does not apply when there are inserted in the body of the policy as conditions precedent which prevent the policy attaching as a binding obligation matters which are naturally necessary for the insurer to know in order intelligently to decide whether it will enter into the contract of insurance. The terms of the policy under which the plaintiff claims to recover made the truth of the statements already summarized conditions precedent, and those

statements had reference to matters which inevitably affected the decision of an insurer whether it would take the risk. The statements that no burglary, larceny, theft or robbery insurance applied for or carried by the plaintiff had ever been declined or cancelled, that no loss had been sustained nor indemnity claimed for such loss within the past five years, and that the plaintiff had not applied for such insurance, were material to the risk, and might be made conditions precedent to the taking effect of the policy. *Everson v. General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169, 173. *Simons* v. *Royal Ins. Co. Ltd.* 258 Mass. 210. *Campagna* v. *Newark Fire Ins. Co.* 259 Mass. 205. The conditions precedent to the attaching of the policy were not complied with; the answers to the questions were false.

As the plaintiff cannot recover, it is not necessary to discuss the other questions argued.

*Judgment for the defendant.*