ANTHONY LOPARDI *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Suffolk.    March 10, 1933. — February 25, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Insurance*, Life. *Waiver. Estoppel. Practice, Civil*, Requests, rulings and instructions, Exceptions. *Words*, "Shall be void."

A policy of life insurance in four pages provided on the first page that the insurance company "grants this insurance . . . subject to the conditions and provisions on this and the three following pages" and that the "policy shall not take effect unless upon its date the Insured shall be alive and in sound health"; provided on the third page, "Policy When Void. This policy shall be void . . . if the Insured . . . has attended any hospital . . . or has been attended by any physician, within two years before the date hereof, for any serious disease . . .; or has had before said date . . . disease of the heart . . .; unless each such . . . medical and hospital attendance and previous disease is specifically waived by an endorsement" in a space for indorsements entitled "Endorsements Referred to in Policy Conditions," in which space there were no indorsements; and also provided that the policy "is in full immediate benefit from its date" and that it should be incontestable after two years from its date. *Held*, that

(1) The proper construction of the policy was that the provisions on the third page under the heading "Policy When Void" were conditions precedent to the duty of performance on the part of the insurance company, and were not mere warranties by the insured subject to G. L. (Ter. Ed.) c. 175, § 186;

(2) The subject matters of such provisions on the third page properly could be made conditions precedent.

No waiver by the insurance company, which issued the policy above described, of its right "to avoid" the policy "for such disease of the heart," and no estoppel of it to exercise that right, was shown even if the company, through examinations of the insured by its medical representative or otherwise, learned that the insured had heart disease previous to the issuance of the policy, and thereafter accepted premiums from him and continued the policy in force.

In an action upon the policy above described, an exception by the plaintiff to the refusal of a ruling requested by him, that a finding was not warranted that "there was any false representation made, or fraud committed, by the insured at, or before, the time" when the policy was issued "which will defeat the plaintiff's right to recover" thereon, "if he otherwise has such right," must be overruled in the circumstances, the trial judge having instructed the jury that if they believed the testimony of a medical witness that a disease for which he attended the insured was a serious disease the plaintiff could not recover, but that if they did not believe such testimony the plaintiff could recover.

CONTRACT. Writ dated May 7, 1930.

The action was tried in the Superior Court before *Greenhalge*, J. Material evidence is stated in the opinion. There was a verdict for the defendant. The plaintiff alleged exceptions.

The plaintiff's eighth request for ruling was as follows: "The jury will not be warranted in finding that there was any false representation made, or fraud committed, by the insured at, or before, the time the policies were issued to her, which will defeat the plaintiff's right to recover on the policies, if he otherwise has such right."

*F. W. Campbell*, for the plaintiff.

*W. P. Kelley*, for the defendant.

FIELD, J. This is an action of contract brought by the beneficiary named in two industrial life insurance policies issued by the defendant, dated, respectively, November 21, 1928, and January 16, 1929, upon the life of Seraphina (or Sarafina) Lopardi, the mother of the plaintiff, who died March 26, 1930. There was a verdict for the defendant

and the case comes before us on the plaintiff's exceptions to the denial of requests 'for instructions numbered 3–16, inclusive, and to a part of the charge.

There was no error.

Each policy consisted of four pages and was executed by the defendant company on the first page. It provided thereon that the company "grants this insurance . . . subject to the conditions and provisions on this and the three following pages which are hereby made a part of this contract . . ." and that this "policy shall not take effect unless upon its date the Insured shall be alive and in sound health and the premium duly paid." On page 3 occurs the following: "Policy When Void. This policy shall be void: (1) if the Insured . . . has attended any hospital . . . or has been attended by any physician, within two years before the date hereof, for any serious disease . . .; or has had before said date . . . disease of the heart . . .; unless each such . . . medical and hospital attendance and previous disease is specifically waived by an endorsement in the space for endorsements on Page 4 hereof signed by the Secretary." The space for indorsements on page 4 is entitled "Endorsements Referred to in Policy Conditions." There was no indorsement of such a waiver on either policy. The only questions raised by the defendant at the trial related to the health of the insured.

1. The plaintiff contends that the provisions contained in the policies under the heading "Policy When Void," above set forth, are warranties within the meaning of G. L. (Ter. Ed.) c. 175, § 186, and, consequently, do not preclude recovery by the plaintiff in the absence of proof that the warranties were "made with actual intent to deceive" or that the matters made warranties "increased the risk of loss." See *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452. This question is raised by the plaintiff's exceptions to the refusal of the judge to instruct the jury in accordance with his requests numbered 9–15, inclusive, and to the charge. The contention cannot be sustained, for the provisions referred to are not warranties within the meaning of G. L. (Ter. Ed.) c. 175, § 186.

G. L. (Ter. Ed.) c. 175, § 186, reads as follows: "No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss."

This statute does not apply to provisions in a policy which, by agreement of the parties, are made conditions precedent to the duty of performance on the part of the insurance company. *Kravit* v. *United States Casualty Co.* 278 Mass. 178. *Faris* v. *Travelers Indemnity Co.* 278 Mass. 204, and cases cited. See Am. Law Inst. Restatement: Contracts, § 250. The provisions in each of the policies in question, on page 3 thereof, entitled "Policy When Void," are such conditions. Though the word "conditions" is not used in this clause of the policy except as it may be incorporated therein by reference to the space for indorsements (compare *Souza* v. *Metropolitan Life Ins. Co.* 270 Mass. 189, 191), the clause in form created a condition precedent. This is the force of the provision that the "policy shall be void" if certain facts existed before the date thereof, in the absence of a specific waiver indorsed on the policy. In form the clause resembles those held to create conditions precedent in *Penta* v. *Home Fire & Marine Ins. Co. of California,* 263 Mass. 262, 263, and in *Kravit* v. *United States Casualty Co.* 278 Mass. 178. That this clause provides that the policy "shall be void" in certain circumstances, while the clause on the first page of the policy provides that the policy "shall not take effect" unless the insured is in sound health upon the date of the policy, does not deprive the words "shall be void," of their natural meaning. Moreover, the provision that the policy "is in full immediate benefit from its date" and the provision that it shall be incontestable after two years from its date are not inconsistent with an interpretation of the provisions in the clause entitled "Policy When Void" as conditions precedent.

Nothing in the substance of the provisions in the clause entitled "Policy When Void" deprives them of the effect required by the form in which they are expressed. The remedy of the beneficiary of an insurance policy may be defeated by the breach of a warranty therein contained, subject to the limitations of G. L. (Ter. Ed.) c. 175, § 186, but no contractual duty arises under such a policy unless there has been compliance with conditions precedent thereto. *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169, 173. See also *Faris* v. *Travelers Indemnity Co.* 278 Mass. 204. We are not required to decide how far matters ordinarily the subject of warranties can be made conditions precedent to a contractual duty under the policy. However, it cannot be said that the matters dealt with in the clause in question could not properly be made such conditions. In *Kravit* v. *United States Casualty Co.* 278 Mass. 178, 179, the truth of statements by the insured of facts "naturally necessary for the insurer to know in order intelligently to decide whether it will enter into the contract of insurance," was held, by reason of the interpretation given to the policy, to be a condition precedent. The present case is stronger for the insurer in that, according to the form of the policy, the condition is the existence (or more accurately the nonexistence) of facts before the date of the policy and not the truth of statements made by the insured with respect thereto — an ordinary subject of warranty. See *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169, 173. The existence or nonexistence of these facts well might have had a material bearing on the attitude of the insurer toward its entering into a contract of insurance. That an insured is in sound health at the date of the policy is clearly a proper subject of a condition precedent. *Gallant* v. *Metropolitan Life Ins. Co.* 167 Mass. 79. *Ansin* v. *Mutual Life Ins. Co. of New York,* 241 Mass. 107, 110. And the matters dealt with in the clause entitled "Policy When Void," though of secondary rather than of primary importance, cannot be pronounced so immaterial in their bearing on the health of the insured at the date of the policy and, consequently,

on the extent of the risk assumed by the insurer, that they cannot reasonably be made conditions precedent or that language in a policy purporting to do so should not be given that meaning. In *Souza* v. *Metropolitan Life Ins. Co.* 270 Mass. 189, a clause in the policy similar to that here in question was treated as creating a condition precedent. See also *Kravit* v. *United States Casualty Co.* 278 Mass. 178; *Hurt* v. *New York Life Ins. Co.* 51 Fed. Rep. (2d) 936. Compare *Kukuruza* v. *John Hancock Mutual Life Ins. Co.* 276 Mass. 146, 150–151, and cases cited.

2. There was no error in the refusal of the judge to instruct the jury in accordance with the plaintiff's request numbered 16 that if they should "find that the defendant either as a result of the examinations of the insured by its medical examiner or otherwise was informed that the insured had heart disease prior to the issue of the policies and thereafter accepted premiums from her and continued the policies in force . . . [they] should find that the insurer waived its right, or is estopped, to avoid the policies for such disease of the heart."

Even if preliminary findings such as are described in the request would have been warranted by the evidence, as we do not decide, and such findings had been made, waiver or estoppel would not have been shown. The facts amounting to breach of condition existed before the policies were issued. No waiver or estoppel resulted from the defendant's issuing the policies. Thereafter premiums were paid and accepted in accordance with the terms of the policies which were binding on the parties thereto. The principles stated in *Kukuruza* v. *John Hancock Mutual Life Ins. Co.* 276 Mass. 146, 151, in reference to a contract of reinstatement of a policy are applicable to an original contract of insurance.

3. There was no error in the denial of the plaintiff's request numbered 8 in regard to false representations and fraud. The plaintiff in this respect was amply protected by the charge. The judge instructed the jury that if they believed the testimony of a medical witness that a disease for which he attended the insured was a serious disease the

plaintiff could not recover, but that if they did not believe it the plaintiff could recover. Exceptions to the denial of the plaintiff's requests numbered 3–7, inclusive, are not argued and we treat them as waived.

*Exceptions overruled.*