ANNA H. KRAUSE *vs.* EQUITABLE LIFE INSURANCE
COMPANY OF IOWA.

Worcester.   September 26, 1955. — November 7, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Insurance*, Life insurance: condition, warranty. *Practice, Civil*, Charge to jury, Question to jury.

Instructions to a jury that the plaintiff would not be entitled to recover if certain facts were established became immaterial upon the judge's finally submitting to the jury only special questions respecting those facts and, upon answers establishing them, ordering a verdict for the defendant. [202–203]

A provision of an application for a life insurance policy, that the applicant agreed that the insurance company should "incur no liability until" the policy was delivered while he was in good health "and then only if" he had not consulted or been treated by a physician since the medical examination, was not a mere representation or warranty within G. L. (Ter. Ed.) c. 175, § 186, but established a condition precedent to the taking effect of the policy and precluded its taking effect where the applicant, although in good health at the time of its delivery, in fact had been treated by and had consulted a physician in the interval between the medical examination and its delivery. [203–204]

CONTRACT. Writ in the Superior Court dated September 10, 1949.

The action was tried before *O'Brien*, J., who directed a verdict for the defendant.

*Thomas S. Carey*, for the plaintiff.

*Sumner W. Elton & Francis George*, for the defendant, submitted a brief.

SPALDING, J. This is an action of contract brought by the beneficiary named in a life insurance policy issued by the defendant on April 16, 1948, upon the life of Daniel P. Krause, the husband of the plaintiff, who died on December 5, 1948.

On March 30, 1948, Daniel P. Krause, hereinafter called the insured, signed an application for a policy of life insurance with the defendant in the amount of $11,000. On April 2, 1948, he was examined by a physician representing the defendant and found to be in good health. On April 6, four days later, the insured while at the Framingham police station, where he had gone to confer with someone, collapsed and remained unconscious for several minutes. While at the police station he was treated by Dr. Contino, a physician. These facts are not in dispute.

Dr. Contino testified that his treatment of the insured included an injection of coramine to stimulate respiratory action, that an inhalator was used, and that in his opinion the insured had suffered an attack of angina pectoris. There was evidence that the insured shortly after regaining consciousness returned to his home accompanied by his wife and his family physician, Dr. Arbetter. During that day an electrocardiogram of the insured was taken by Dr. Arbetter but what it revealed does not appear. There was evidence that the insured resumed his work as a dentist on the following day and that down to the day of his death on December 5, 1948, "there had been no curtailment of his activities or anything to indicate anything was wrong." The cause of death was "acute coronary occlusion."

The application for insurance signed by the insured contained the following: "I agree that . . . the Company shall

incur no liability until said policy is delivered to me and the
entire first premium therefor is actually paid while I am in
good health, and then only if I have not consulted or been
treated by any physician or practitioner since completion of
the medical examination." The policy was issued by the
defendant on April 16, 1948, but there was no evidence that
the defendant had any knowledge of the occurrence at the
Framingham police station on April 6 or of the fact that the
insured had been treated by a physician in connection there-
with. The first premium was paid on April 21. The policy
provided that "This policy, together with the application
therefor, a copy of which is attached hereto, and made a
part hereof, shall constitute the entire contract between the
parties hereto."

The judge submitted the following questions to the jury:
(1) "Was Daniel P. Krause in good health on April 16,
1948, the day on which the policy was delivered?" (2) "Was
Daniel P. Krause treated by a physician on April 6 or April
7, 1948?" (3) "Did Daniel P. Krause consult a physician
on April 6 or April 7, 1948?" The jury answered "Yes"
to each question. The judge then directed a verdict for
the defendant subject to the plaintiff's exception.

The judge in submitting the special questions to the jury
charged, among other things, that if the insured consulted a
doctor or was treated by one on April 6 or 7 then the policy
never became effective and the plaintiff would not be en-
titled to recover. To this portion of the charge the plain-
tiff excepted. In her brief the plaintiff states that the issue
to be decided is whether this statement was correct. But
we are of opinion that what the judge said on this point
in the charge became of no importance in view of what
happened. It seems probable that at the outset of his
charge the judge intended to submit the entire case to the
jury and take a general verdict. But before he finished he
apparently decided to submit to the jury only the special
questions set forth above, and those were the only matters
passed upon by the jury. Hence what the judge told the
jury on the broader issues of liability ceased to be of any

importance. The plaintiff makes no contention that the jury were not warranted in finding that the insured had consulted and had been treated by a physician on April 6 or 7. At all events the evidence amply warranted such a finding.

The real issue in the case is whether the judge erred in directing a verdict for the defendant on the basis of the jury's answers to the special questions. Inasmuch as the plaintiff duly saved an exception to the direction of a verdict we shall treat her argument as addressed to the propriety of this action.

There was no error.

The plaintiff contends that the above quoted clause in the application was a representation or warranty within the meaning of G. L. (Ter. Ed.) c. 175, § 186, which reads, "No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss." If this contention is correct then the judge erred in directing a verdict, for the plaintiff was entitled to have the jury determine whether the representation or warranty was made with actual intent to deceive or increased the risk of loss. But § 186 does not apply to provisions in a policy which, by agreement of the parties, are made conditions precedent to the duty of performance on the part of the insurance company. *Kravit* v. *United States Casualty Co.* 278 Mass. 178. *Faris* v. *Travelers Indemnity Co.* 278 Mass. 204. We are of opinion that the clause in question contained conditions rather than representations or warranties and if they were not satisfied no contractual duty under the policy ever arose. *Lee* v. *Prudential Life Ins. Co.* 203 Mass. 299. *Souza* v. *Metropolitan Life Ins. Co.* 270 Mass. 189. *Faris* v. *Travelers Indemnity Co.* 278 Mass. 204. *Lopardi* v. *John Hancock Mutual Life Ins. Co.* 289 Mass. 492. *Connolly* v. *John Hancock Mutual*

*Life Ins. Co.* 322 Mass. 678, 680. We find nothing in the decisions cited by the plaintiff at variance with this conclusion. That an insured during the period between the medical examination and the issuance of the policy had been treated by a physician might have a material bearing on the attitude of the insurer toward its entering into a contract of insurance and is clearly the proper subject of a condition precedent. *Ansin* v. *Metropolitan Life Ins. Co.* 241 Mass. 107, 110. *Lopardi* v. *John Hancock Mutual Life Ins. Co.* 289 Mass. 492, 496. Since the jury found that the insured had been treated by a physician and had consulted one on April 6 or 7, the only course open to the judge was to direct a verdict for the defendant.

*Exceptions overruled.*