CHARLES, HENRY & CROWLEY CO. INC. *vs.* THE HOME
INSURANCE COMPANY.

Suffolk.   November 2, 1965. — December 7, 1965.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Insurance,* Condition, Theft insurance, Jeweler's insurance.

A statement as to a future event made by an applicant for an insurance
policy in his application, instead of remaining a mere representation or
warranty subject to G. L. c. 175, § 186, becomes a provision requiring
compliance with it as a condition precedent to recovery on the policy if
the statement relates essentially to the insurer's intelligent decision to
issue the policy and such compliance is made a condition precedent by
precise words or their equivalent in the policy.   [726]

Where a jeweler, in answer to a question in his application for a policy of
insurance against theft from his display window, stated the maximum
value of the jewelry to be displayed in the window and the policy issued
to him made the application a part of the policy and provided that "It
is a condition of this insurance precedent to any recovery hereunder"
that the value of the jewelry displayed "will not exceed the amount rep-
resented in answer to" the question in the application, such statement
by the jeweler in the application was not a mere representation or war-
ranty subject to G. L. c. 175, § 186, but was a policy provision com-
pliance with which was a condition precedent to recovery on the policy,
and it barred any recovery for a theft of jewelry from the display win-
dow occurring at a time when the value of the jewelry on display therein
was substantially in excess of the maximum value stated in the ap-
plication.   [726–727]

CONTRACT.   Writ in the Superior Court dated July 13,
1961.

The action was heard by *Rose, J.,* who found for the
plaintiff.

*Edwin R. Trafton (William J. Ryter* with him) for the
defendant.

*George Alpert (Irving Karg* with him) for the plaintiff.

KIRK, J.   This case is here on the defendant's excep-
tions to the judge's denial of nine of its eleven requests for
rulings.   The first request sought a ruling that, "[o]n all
the evidence and the law, a finding for the defendant is

warranted." The judge denied the request "in view of the facts found and the application of" G. L. c. 175, § 186.[1] The second request, also denied, was for a ruling that the evidence and the law required a finding for the defendant. Our consideration of the disposition of these requests is decisive of the case.

The statement of agreed facts, which was submitted to the judge, recited that the plaintiff, a Boston jewelry firm, on October 6, 1960, made a written proposal to the defendant for a "Jewelers' Block Policy" insuring against theft from the plaintiff's display windows. Question 14B of the proposal form asked the plaintiff to indicate the maximum value of jewelry to be displayed in the windows. The plaintiff answered that, during business hours, the value of jewelry displayed in ". . . windows . . . outside show cases . . . [or] any one window" would not exceed $14,500 where the window or case was protected by swinging shatterproof glass, and $500 where the window or case was not so protected.

The policy issued by the defendant on November 16, 1960, stated that the proposal form was made part of the policy. The policy also carried a "Jewelers' Block Combination Endorsement." Section 1A of the combination endorsement provided that the insurer's maximum liability for theft of displayed jewels during business hours was $14,500 where the jewels were protected by the swinging shatterproof glass, and $500 where unprotected. Section 1B stated: "It is a condition of this insurance precedent to any recovery hereunder that the values of property displayed will not exceed the amount represented in answer to Question 14B of the Proposal form attached to this policy."

On the morning of March 24, 1961, while the plaintiff was open for business, a rock was thrown through one of the store's display windows and jewelry worth $13,620 was

[1] "No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss."

stolen. At the time of the theft the jewelry on display in the protected area of the window was worth $18,512, and in the unprotected area was worth $1,118.40.

The single question presented is whether the provision in § 1B of the policy, referring to the plaintiff's representation in answer to question 14B that the displayed jewelry would not exceed certain amounts in value was, on the one hand, a condition precedent which, if not complied with, would bar recovery, or was, on the other hand, a representation or warranty which, if not fulfilled, would bar recovery only if the proof required by G. L. c. 175, § 186, was forthcoming. The judge treated the provision as a representation or warranty. He found that the insurer's risk had not been materially increased by the display of the more valuable jewelry and, since the parties had stipulated that there was no intent to deceive the insurer, made a finding for the plaintiff in the sum of $13,620.

We think that the judge was in error. General Laws c. 175, § 186, applies only to representations and warranties and does not apply to conditions precedent included expressly within the terms of a policy. *Barker* v. *Metropolitan Life Ins. Co.* 188 Mass. 542, 545. *Giannelli* v. *Metropolitan Life Ins. Co.* 307 Mass. 18, 22. *Sullivan* v. *John Hancock Mut. Life Ins. Co.* 342 Mass. 649, 653. The statement made by the plaintiff in the proposal was, at first, a representation. The statement, however, was expressly made a condition precedent to recovery in the combination endorsement.

Whether a warranty or representation made in an application for a policy may be converted into a condition of a policy was briefly discussed but not decided in *Everson* v. *General Acc. Fire & Life Assur. Corp. Ltd.* 202 Mass. 169, 172, where representations respecting income were in a rider pasted to a page of an insurance contract under the heading, "Schedule of warranties." The court there held that, since there was no clear expression in the policy whereby these negotiatory warranties were to be made conditions precedent, the mere attachment of them to the

policy did not change their legal significance, and accordingly they were to be regarded as subject to the predecessor of G. L. c. 175, § 186. The question, however, was decided in *Kravit* v. *United States Cas. Co.* 278 Mass. 178, and *Faris* v. *Travelers Indem. Co.* 278 Mass. 204, where statements by the prospective insured, essential to an intelligent decision by the insurer to incur liability, were expressly made conditions precedent to recovery under the policy, and so were not subject to G. L. c. 175, § 186. Although the statements in the *Kravit* and *Faris* cases referred to existing facts, representations concerning future events have also been held conditions precedent where the policies have so provided as in *Elder* v. *Federal Ins. Co.* 213 Mass. 389 (where the insured's statement that his insured vehicle would not be used for hire was made a condition precedent to recovery), and *Krause* v. *Equitable Life Ins. Co.* 333 Mass. 200, 203, 204 (where the insured agreed that his life insurance policy would not be effective if he consulted or was treated by a physician in the interval between the time of his examination by the company's doctor and the time of his receipt of the policy and payment of the premium). The result of the foregoing is that a statement made in an application for a policy of insurance may become a condition of the policy rather than remain a warranty or representation if: (1) the statement made by the insured relates essentially to the insurer's intelligent decision to issue the policy; and (2) the statement is made a condition precedent to recovery under the policy, either by using the precise words "condition precedent" or their equivalent. See *Lopardi* v. *John Hancock Mut. Life Ins. Co.* 289 Mass. 492, 495. Both tests are met in the instant case. First, it is clear that the value of the jewelry to be displayed was a fundamental fact which the insurer considered in deciding to issue the policy. Second, the representations made in question 14B were expressly made conditions precedent to recovery in § 1B of the combination endorsement. Since the words of a contract for insurance are as "binding upon both parties as that of any other

contract," *Lee* v. *Prudential Life Ins. Co.* 203 Mass. 299, 301, the language of the endorsement must be read as constituting an agreement to treat the representations as a condition precedent to recovery. General Laws c. 175, § 186, therefore was not applicable to the policy. The defendant's first two requests should have been granted. The plaintiff relies heavily on *Goldstein* v. *Royal Indem. Co.* 297 Mass. 55. We have considered that case and do not think it applicable here.

A finding for the defendant was required. It is not necessary to discuss the remaining exceptions.

*Exceptions sustained.*
*Judgment for the defendant.*