**Joseph G. WARREN, Sr., Plaintiff,**

**v.**

**CONFEDERATION LIFE ASSOCIA-TION, Defendant.**

**Civ. A. No. 67–532.**

United States District Court
D. Massachusetts.

April 12, 1968.

Paul G. Holian, Cambridge, Mass., and Richard D. LeMay, Boston, Mass., for plaintiff.

James C. Heigham, Boston, Mass., for defendant.

MEMORANDUM AND ORDER

CAFFREY, District Judge.

This is a civil action in which plaintiff seeks to recover $30,000 on the basis of two policies of insurance on the life of the late Joseph G. Warren, Jr. The case was tried to the court and a jury. Defendant moved for a directed verdict at the close of plaintiff's evidence and again at the close of all the evidence. Decision on the motions was reserved and the case was submitted to the jury. The jury re-

turned a verdict for the full amount claimed after deliberating not more than fifteen minutes.

The defendant's motion for a directed verdict must be granted herein as a matter of law. The motion for directed verdict is based on two grounds, (1) that the plaintiff failed to prove that decedent satisfied certain conditions precedent to the existence of any liability of defendant under the terms of the policy, and (2) that misrepresentations by the decedent increased defendant's risk of loss as a matter of law.

With regard to the first ground, the policy contains the following provision just above the signature of the insured:

"The Applicant declares that the above answers are full and true and agrees that: * * * (2) any policy issued pursuant to this application will not take effect until the first premium has been paid and the policy has been delivered to the Applicant while the facts concerning the insurability of any person whose life is thereby insured are the same as described in this application; * * *."

On Part II of the application for life insurance the insured answered affirmatively question No. 30, "Are you now in first class health and free from all symptoms of disease?" The application containing question No. 30 was signed by the insured on May 9, 1966. The policy was actually issued on August 25, 1966, bearing the date August 1 (Pl. Ex. 1). Between those dates the insured was admitted to the Massachusetts General Hospital on June 8 for "seizure disorder" and left there on June 9 (Def. Ex. D). He was confined to the New England Medical Center Hospital from June 22 to June 28 for the same reason (Def. Ex. B). He was an in-patient at the New England Baptist Hospital from July 6 to July 8 for convulsive disorder (Def. Ex. F). He was treated at the Norwood Hospital on July 6, 1966 for epilepsy and drug overdose (Def. Ex. E), and at the Symmes Hospital, Arlington, Massachusetts, on July 16, 1966 for suicide attempt and drug overdose (Def. Ex. C).

The Supreme Judicial Court of Massachusetts has held that substantially identical provisions in other life insurance policies created conditions precedent. Lee v. Prudential Life Ins. Co., 203 Mass. 299, 300, 89 N.E. 529; Ansin v. Mutual Life Ins. Co. of New York, 241 Mass. 107, 109, 134 N.E. 350; Krause v. Equitable Life Ins. Co. of Iowa, 333 Mass. 200, 201, 129 N.E.2d 617. See also Charles, Henry & Crowley Co., Inc. v. Home Ins. Co., 349 Mass. 723, 212 N.E. 2d 240. The burden is on the plaintiff under a policy containing such a condition precedent to prove that the facts concerning the insurability of the decedent remained the same as described in the application, i. e., in first class health, between the date of the application and the issuance of the policy. Connolly v. John Hancock Mutual Life Ins. Co., 322 Mass. 678, 680, 79 N.E.2d 189. I rule that as a matter of law on the undisputed evidence, the insured has failed to comply with the condition precedent contained in this policy, which is, therefore, null and void.

With regard to the second ground of defendant's motion, namely, that the insured's misrepresentations increased defendant's risk as a matter of law, the Supreme Judicial Court has ruled that misrepresentations as to certain diseases require a ruling that as a matter of law the risk of loss has been increased. Pahigian v. Manufacturers' Life Ins. Co., 349 Mass. 78, 85, 206 N.E.2d 660, and cases cited. The uncontradicted evidence indicates that the insured had had a number of epileptic seizures which he did not report in his application. I rule that the non-disclosure by the insured of his several hospitalizations and of his receipt of medical care for these seizures as a matter of law materially increased the risk of loss to defendant. See Merchants National Bank of Newburyport v. New York Life Ins. Co., 346 Mass. 745, 746, 196 N.E.2d 201.

In the alternative, should an Appellate Court vacate the judgment entered for defendant this date, I rule that the finding by the jury, after less than fifteen

minutes of deliberation, during which time it could not possibly have examined the voluminous documentary exhibits adduced in the course of the trial, is so clearly against the weight of the uncontradicted evidence as to require the setting aside of the verdict and the granting of a new trial.

Judgment accordingly.