**DRAKE FISHING, INC., et al.,**
**Plaintiffs, Appellants,**

v.

**CLARENDON AMERICAN INSURANCE CO., Defendant, Appellee.**

No. 97–1817.

United States Court of Appeals,
First Circuit.

Heard Jan. 9, 1998.

Decided Feb. 20, 1998.

made pursuant to the appeal bond, plus $8,085.38 in property taxes and $5,040.90 in damages for waste.

John A. Birknes, Jr., Dartmouth, MA, for appellants.

Thomas J. Muzyka with whom Clinton & Muzyka, Boston, MA, was on brief, for appellee.

Before TORRUELLA, Chief Judge, ALDRICH, Senior Circuit Judge, and BOUDIN, Circuit Judge.

ALDRICH, Senior Circuit Judge.

The F/V DRAKE, dragging for scallops on February 28, 1995, "hung" her dredge on the bottom. She was unable to free by maneuvering, and ended up with the wire at 90 degrees (downward), her stern quarter into the wind, and seas splashing into the lazarettes, the hatch covers having come off, and the crew unable to replace them. The hydraulic winch jammed, and, because of the rain and weather, the crew could not light a torch to cut the wire. Meanwhile, the seas were filling the lazarettes faster than the bilge pumps could handle. In response to a May Day call, another vessel arrived and the crew was saved, but the DRAKE was lost. This action was brought to recover the agreed value, on defendant Clarendon American Insurance Company's hull policy. On the basis of an unsatisfied condition precedent, plaintiffs-appellants lost on summary judgment in the district court. We affirm.

When the DRAKE put to sea on this voyage, it had various minor deficiencies, including no lazarette bilge alarm warning lights and no required spare communications battery in the pilot house. The audible bilge alarms, however, were working, and the crew was obviously aware of the water. The battery's absence was also irrelevant to the loss. Accordingly, Mass.G.L. ch. 175, § 186 might have precluded either of these defects, or a

number of other minor ones, from giving rise to a successful misrepresentation or breach of warranty defense on the policy,[1] but this was not the set-up. Defendant had a stronger defense, the Massachusetts law of condition precedent.

■ Conformance with stated conditions that are agreed to govern the attachment of the policy is obligatory, regardless of their irrelevancy to the actual loss. *See Charles, Henry & Crowley Co. v. Home Ins. Co.,* 349 Mass. 723, 724–25, 212 N.E.2d 240, 241–42 (1965); *see also Edmonds v. United States,* 492 F.Supp. 970, 974 (D.Mass.1980), *aff'd,* 642 F.2d 877 (1st Cir.1981). It is enough that the statements relate essentially to the insurer's intelligent decision to issue the policy. *See Charles, Henry & Crowley Co.,* 349 Mass. at 726, 212 N.E.2d at 242. This question is an objective one: would the matter be considered of importance by a reasonable insurer. *See Krause v. Equitable Life Ins. Co.,* 333 Mass. 200, 204, 129 N.E.2d 617, 619 (1955); *Lopardi v. John Hancock Mut. Life Ins. Co.,* 289 Mass. 492, 496, 194 N.E. 706, 708 (1935); *Kravit v. United States Cas. Co.,* 278 Mass. 178, 180, 179 N.E. 399, 400 (1932); *see also Edmonds,* 642 F.2d at 883.

■ Involved here, among others, were the following conditions. The DRAKE was to undergo and pass an inspection by the United States Coast Guard and display a compliance sticker. There was to be a back-up radio battery with associated charging equipment. And, the DRAKE was to have both audible and visual bilge alarms in the lazarettes, wired to the pilot house. All are conceded to have been unsatisfied at the relevant times. The district court focussed on the first, finding that "as a matter of law a reasonable maritime insurer would have wanted to know and would not as a matter of law, not fact, have issued th[e] policy had it known that there wasn't that Coast Guard sticker." We agree. *Cf. Edmonds,* 642 F.2d

at 883 & n. 2 (FAA biennial flight review requirement).

■ There is a further question raised by the plaintiffs: were these matters truly expressed as conditions precedent. Whether a policy term is a condition precedent or a warranty is a question of law. *See Shaw v. Commercial Ins. Co.,* 359 Mass. 601, 605–06, 270 N.E.2d 817, 820–21 (1971). Here, the requirement that the words "condition precedent" or their equivalent be used was met. *See Charles, Henry & Crowley Co.,* 349 Mass. at 726, 212 N.E.2d at 242. The Fishing Vessel Safety Requirements Clause, expressly attached to and forming a part of the policy, stated,

> It is a condition precedent of this coverage that these requirements must be complied with prior to the attachment date of this policy and as proof of such compliance this Fishing Vessel Safety Requirements Clause must be signed by the Assured and be returned to this company....

The listed "requirements" included the inspection sticker, the battery, and the bilge alarms. The captain of the DRAKE, who was also the son of its owner, signed the clause as the assured, one month before the final voyage.[2]

■ Plaintiffs attempt to save their case by contending that valid conditions precedent must appear, initially at least, in the application for insurance. Although the language in *Charles, Henry & Crowley Co.* might be read to support this, *see* 349 Mass. at 726, 212 N.E.2d at 242 ("[A] statement made in an application for a policy of insurance may become a condition of the policy rather than remain a warranty or representation if ...."), other cases reveal a broader view, *see Shurdut v. John Hancock Mut. Life Ins. Co.,* 320 Mass. 728, 731, 71 N.E.2d 391, 392 (1947) (application for reinstatement after lapse); *Lopardi,* 289 Mass. at 495, 194 N.E. at 707–08 (provisions in policy); *Kravit,* 278 Mass.

---

1. It is agreed that, though this was a marine policy, Massachusetts law governs. *See generally Wilburn Boat Co. v. Fireman's Fund Ins. Co.,* 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955).

2. Although the insured's signature is dated January 27, 1994 rather than 1995, it is clear that this was simply a mistake. Despite a later, and

feeble, effort to cast doubt, plaintiffs-appellants essentially admitted as much. In any event, plaintiffs-appellants can make no claim that the Fishing Vessel Safety Requirements Clause was not a part of the policy or that they had no notice.

at 179, 179 N.E. at 399 (policy schedule); *see also Edmonds*, 492 F.Supp. at 972–73 (amendments added in connection with renewal).

There can be no dispute here that plaintiffs had notice of the conditions, or that they related to the insurer's decision to take the risk. *Cf. Edmonds*, 642 F.2d at 882. Clarendon reinstated the policy on February 2, 1995, after issuing notice of cancellation, only after plaintiffs had separately executed and submitted the Fishing Vessel Safety Requirements Clause days earlier.[3] The DRAKE had no inspection sticker at that time, nor later that month when it left harbor. Considering the facts and circumstances surrounding the issuance of the policy, as we may, *see Massachusetts Mun. Wholesale Elec. Co. v. Town of Danvers*, 411 Mass. 39, 45–46, 577 N.E.2d 283, 287–88 (1991), we think it clear that plaintiffs' argument fails. *Cf. Shurdut*, 320 Mass. at 731, 71 N.E.2d at 392 (resumption of obligation after lapse made expressly conditional upon the truth of statements made in the application for reinstatement).

*Affirmed.*

**3.** A simultaneous basis for cancellation was non-payment of the premium, also remedied before reinstatement. Although its owners had never before had the Drake inspected by the Coast Guard for purposes of obtaining a compliance sticker, they requested such an inspection in February 1995 at the behest of their insurance brokers. The Drake did not pass, and no sticker was issued. The reasons are immaterial to the loss. *Cf. Edmonds.*