USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1817 DRAKE FISHING, INC., ET AL., Plaintiffs, Appellants, v. CLARENDON AMERICAN INSURANCE CO., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Reginald C. Lindsay, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Aldrich, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ John A. Birknes, Jr. for appellants. ____________________ Thomas J. Muzyka with whom Clinton & Muzyka was on brief for _________________ _________________ appellee. ____________________ February 20, 1998 ____________________ ALDRICH, Senior Circuit Judge. The F/V DRAKE, _____________________ dragging for scallops on February 28, 1995, "hung" her dredge on the bottom. She was unable to free by maneuvering, and ended up with the wire at 90 degrees (downward), her stern quarter into the wind, and seas splashing into the lazarettes, the hatch covers having come off, and the crew unable to replace them. The hydraulic winch jammed, and, because of the rain and weather, the crew could not light a torch to cut the wire. Meanwhile, the seas were filling the lazarettes faster than the bilge pumps could handle. In response to a May Day call, another vessel arrived and the crew was saved, but the DRAKE was lost. This action was brought to recover the agreed value, on defendant Clarendon American Insurance Company's hull policy. On the basis of an unsatisfied condition precedent, plaintiffs-appellants lost on summary judgment in the district court. We affirm. When the DRAKE put to sea on this voyage, it had various minor deficiencies, including no lazarette bilge alarm warning lights and no required spare communications battery in the pilot house. The audible bilge alarms, however, were working, and the crew was obviously aware of the water. The battery's absence was also irrelevant to the loss. Accordingly, Mass. G.L. ch. 175, 186 might have precluded either of these defects, or a number of other minor ones, from giving rise to a successful misrepresentation or -2- breach of warranty defense on the policy,1 but this was not the set-up. Defendant had a stronger defense, the Massachusetts law of condition precedent. Conformance with stated conditions that are agreed to govern the attachment of the policy is obligatory, regardless of their irrelevancy to the actual loss. See ___ Charles, Henry & Crowley Co. v. Home Ins. Co., 349 Mass. 723, ____________________________ _____________ 724-25, 212 N.E.2d 240 (1965); see also Edmonds v. United ___ ____ _______ ______ States, 492 F. Supp. 970, 974 (D. Mass. 1980), aff'd, 642 ______ _____ F.2d 877 (1st Cir. 1981). It is enough that the statements relate essentially to the insurer's intelligent decision to issue the policy. See Charles, Henry & Crowley Co., 349 ___ ______________________________ Mass. at 726. This question is an objective one: would the matter be considered of importance by a reasonable insurer. See Krause v. Equitable Life Ins. Co., 333 Mass. 200, 204, ___ ______ ________________________ 129 N.E.2d 617 (1955); Lopardi v. John Hancock Mut. Life Ins. _______ ___________________________ Co., 289 Mass. 492, 496, 194 N.E. 706 (1935); Kravit v. ___ ______ United States Cas. Co., 278 Mass. 178, 180, 179 N.E. 399 ________________________ (1932); see also Edmonds, 642 F.2d at 883. ___ ____ _______ Involved here, among others, were the following conditions. The DRAKE was to undergo and pass an inspection by the United States Coast Guard and display a compliance sticker. There was to be a back-up radio battery with  ____________________ 1. It is agreed that, though this was a marine policy, Massachusetts law governs. See generally Wilburn Boat Co. v. ___ _________ ________________ Fireman's Fund Ins. Co., 348 U.S. 310 (1955). _______________________ -3- associated charging equipment. And, the DRAKE was to have both audible and visual bilge alarms in the lazarettes, wired to the pilot house. All are conceded to have been unsatisfied at the relevant times. The district court focussed on the first, finding that "as a matter of law a reasonable maritime insurer would have wanted to know and would not as a matter of law, not fact, have issued th[e] policy had it known that there wasn't that Coast Guard sticker." We agree. Cf. Edmonds, 642 F.2d at 883 & n.2 (FAA ___ _______ biennial flight review requirement). There is a further question raised by the plaintiffs: were these matters truly expressed as conditions precedent. Whether a policy term is a condition precedent or a warranty is a question of law. See Shaw v. Commercial Ins. ___ ____ _______________ Co., 359 Mass. 601, 605-06, 270 N.E.2d 817 (1971). Here, the ___ requirement that the words "condition precedent" or their equivalent be used was met. See Charles, Henry & Crowley ___ _________________________ Co., 349 Mass. at 726. The Fishing Vessel Safety ___ Requirements Clause, expressly attached to and forming a part of the policy, stated, It is a condition precedent of this coverage that these requirements must be complied with prior to the attachment date of this policy and as proof of such compliance this Fishing Vessel Safety Requirements Clause must be signed by the Assured and be returned to this company . . . . -4- The listed "requirements" included the inspection sticker, the battery, and the bilge alarms. The captain of the DRAKE, who was also the son of its owner, signed the clause as the assured, one month before the final voyage.2  Plaintiffs attempt to save their case by contending that valid conditions precedent must appear, initially at least, in the application for insurance. Although the language in Charles, Henry & Crowley Co. might be read to _____________________________ support this, see 349 Mass. at 726 ("[A] statement made in an ___ application for a policy of insurance may become a condition of the policy rather than remain a warranty or representation if . . . ."), other cases reveal a broader view, see Shurdut ___ _______ v. John Hancock Mut. Life Ins. Co., 320 Mass. 728, 731, 71 ________________________________ N.E.2d 391 (1947) (application for reinstatement after lapse); Lopardi, 289 Mass. at 495 (provisions in policy); _______ Kravit, 278 Mass. at 179 (policy schedule); see also Edmonds, ______ ___ ____ _______ 492 F. Supp. at 972-73 (amendments added in connection with renewal). There can be no dispute here that plaintiffs had notice of the conditions, or that they related to the insurer's decision to take the risk. Cf. Edmonds, 642 F.2d ___ _______  ____________________ 2. Although the insured's signature is dated January 27, 1994 rather than 1995, it is clear that this was simply a mistake. Despite a later, and feeble, effort to cast doubt, plaintiffs-appellants essentially admitted as much. In any event, plaintiffs-appellants can make no claim that the Fishing Vessel Safety Requirements Clause was not a part of the policy or that they had no notice. -5- at 882. Clarendon reinstated the policy on February 2, 1995, after issuing notice of cancellation, only after plaintiffs had separately executed and submitted the Fishing Vessel Safety Requirements Clause days earlier.3 The DRAKE had no inspection sticker at that time, nor later that month when it left harbor. Considering the facts and circumstances surrounding the issuance of the policy, as we may, see ___ Massachusetts Mun. Wholesale Elec. Co. v. Town of Danvers, ________________________________________ ________________ 411 Mass. 39, 45-46, 577 N.E.2d 283 (1991), we think it clear that plaintiffs' argument fails. Cf. Shurdut, 320 Mass. at ___ _______ 731 (resumption of obligation after lapse made expressly conditional upon the truth of statements made in the application for reinstatement). Affirmed. _________  ____________________ 3. A simultaneous basis for cancellation was non-payment of the premium, also remedied before reinstatement. Although its owners had never before had the Drake inspected by the Coast Guard for purposes of obtaining a compliance sticker, they requested such an inspection in February 1995 at the behest of their insurance brokers. The Drake did not pass, and no sticker was issued. The reasons are immaterial to the loss. Cf. Edmonds. ___ _______ -6-