# United States Court of Appeals

## For the First Circuit

---

No. 05-1578

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,

Plaintiff, Appellee,

v.

MARTIN A. FRAIDOWITZ,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor,  U.S. District Judge]

---

Before

Selya, Lipez, and Howard, Circuit Judges.

---

Joel M. Sowalsky with whom Smith, Segel & Sowalsky was on brief, for appellant.
Edward J. McDonough, Jr., with whom David G. Cohen, Katherine A. Day, and Egan, Flanagan and Cohen, P.C. were on brief, for appellee.

---

April 4, 2006

---

**HOWARD**, **Circuit Judge**.  This is an appeal from a summary judgment ruling holding that Massachusetts Mutual Life Insurance Company (Mass. Mutual) is not required to pay benefits to Martin Fraidowitz for additional disability coverage that Fraidowitz purchased pursuant to the terms of a pre-existing disability policy.  The district court concluded that Fraidowitz made a misrepresentation in applying for the additional coverage which disqualified him from collecting the additional benefits.  We affirm.

Fraidowitz is an insurance agent who purchased a disability insurance policy from Mass. Mutual in 1986.  The policy provided for income replacement of $3,350 per month if Fraidowitz became "unable to perform the main duties of [his] occupation" due to a medical condition.  The policy also provided Fraidowitz with the opportunity to purchase increased benefits each year during a sixty-day option period around the anniversary date of the policy.  This increased-benefits option, however, was subject to the qualification that "if [Fraidowitz were] disabled during any option period [then the] option to buy additional benefits [would be] postponed until the option period following [his] recovery." Fraidowitz timely paid the premiums due on the policy.

In August 1999, Fraidowitz began experiencing symptoms of depression.  In January 2000, he sought treatment from psychiatrist Robert Swords and psychotherapist Duane Daguio at the Institute of

Living Medical Group in Hartford, Connecticut. A month later, Fraidowitz filed a disability claim under the policy. Fraidowitz provided Mass. Mutual with the required forms and granted Mass. Mutual permission to discuss his condition with his mental health providers.

In investigating Fraidowitz's claim on behalf of Mass. Mutual, psychologist Robert Dean spoke with Daguio and Swords. Daguio said that "he [did] not think that Mr. Fraidowitz was totally disabled;" but rather that "he does not want to work and would prefer to collect money." Swords indicated that he thought that Fraidowitz was "probably trying to use [him] to get a disability." He further stated that Fraidowitz was probably a "faker" and that he did not see any signs of an impairment that would keep Fraidowitz from working. In light of this information, Mass. Mutual denied Fraidowitz's disability claim in May 2000. Thereafter, Fraidowitz retained counsel to challenge the denial.

In July 2000, Fraidowitz sought to purchase additional coverage during the option period while continuing to challenge the denial of his disability claim. These dual goals complicated Fraidowitz's ability to apply for additional coverage because the application asked whether Fraidowitz was "currently disabled." If Fraidowitz answered that he was currently disabled, then he would not be permitted to purchase additional coverage until some time after the disability abated. But if he answered that he was not

disabled, then Mass. Mutual could try to use this statement as an admission against him in a contest over his disability claim.

Appreciating this difficulty, Fraidowitz, through counsel, contacted Mass. Mutual for guidance on how he should answer the "currently disabled" question. Mass. Mutual responded that he "should complete the form as accurately and honestly as possible." Armed with this advice, Fraidowitz indicated that he was not disabled but also that his "answer was per the denial" of his claim by Mass. Mutual and that his answer should not be construed to prejudice his right to contest further the denial of his claim. After Fraidowitz submitted the additional coverage application, he received a detailed letter from Mass. Mutual explaining that it had denied his disability claim because the information obtained from his mental health providers failed to support the claim.

In August 2000, Mass. Mutual granted Fraidowitz's request for additional coverage, increasing his monthly benefit to $6,700. The next month, Fraidowitz paid an added premium for the additional coverage, which Mass. Mutual accepted.

In October 2000, Swords and Daugio wrote to Mass. Mutual to "clarify and supplement" their earlier comments concerning Fraidowitz's disability claim. They explained that Fraidowitz actually had been "clinically depressed" since February 3, 2000, and that, in their "medical opinion," Fraidowitz was "unable to

perform any regular duties of his occupation . . . not as a matter of his personal choice, but [because of his] his psychiatric condition."

In light of this reversal, Mass. Mutual reopened Fraidowitz's disability claim and allowed the claim retroactively to February 3, 2000. Mass. Mutual promptly informed Fraidowitz that it would pay him benefits of $3,350 per month. Fraidowitz complained, however, that he was entitled to benefits of $6,700 from July 2000 forward because he had purchased additional coverage. Mass. Mutual disagreed because, in its view, Fraidowitz had falsely stated on the additional coverage application that he was not disabled.

Subsequently, Mass. Mutual brought an action in Massachusetts Superior Court for a declaratory judgment that it was not required to pay Fraidowitz additional benefits. Fraidowitz removed the action to federal court. After discovery, the district court allowed Mass. Mutual's motion for summary judgment. See Mass. Mut. Life Ins. Co. v. Fraidowitz, 360 F. Supp. 2d 243 (D. Mass. 2005). The court applied Mass. Gen. Laws ch. 175, § 186, which permits an insurer to avoid paying on a policy which has been obtained through a false warranty that was "made with actual intent to deceive, or . . . increased the risk of loss" to the insurer. Id. at 246. It concluded that Fraidowitz had violated Mass. Gen. Laws ch. 175, § 186 because his assertion that he was not disabled

was false, and Mass. Mutual relied on this misrepresentation to grant Fraidowitz additional coverage. Id. at 247. Fraidowitz timely appealed.

We review summary judgment rulings de novo. See Guzman-Rosario v. United Parcel Serv., Inc., 397 F.3d 6, 9 (1st Cir. 2005). Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. civ. P. 56©). We may affirm summary judgment on any ground supported by the record. See Fabiano v. Hopkins, 352 F.3d 447, 452 (1st Cir. 2003).

Fraidowitz contends that there is a material dispute of fact as to whether he made a misrepresentation in stating that he was not disabled, given that he disclosed that his answer was based on Mass. Mutual's rejection of his claim.[1] Given the completeness of Fraidowitz's answer, it is not obvious that this was a misrepresentation with the meaning of Mass. Gen. Laws ch. 175, § 186.[2] Nevertheless, we believe that summary judgment was

---

[1]Fraidowitz also contends that the district court erred in denying his motion to strike certain materials from the summary judgment record. Because we do not rely on these materials in resolving this appeal, we do not address this argument.

[2]Fraidowitz suggests that Connecticut law should apply to this dispute and that an incontestability clause in the disability policy defeats Mass Mutual's claim. Neither of these arguments was raised before the district court and neither convinces us that plain error has occurred, so we will not consider them. See Guzman-Rosario, 397 F.3d at 11; see also Smith v. KMart Corp., 177 F.3d 19, 25-26 (1st Cir. 1999) (stating that plain error is a "rare species in civil litigation").

appropriately granted because Fraidowitz failed to meet a condition precedent for obtaining additional disability coverage: the condition of not being disabled when applying for the additional coverage.

A statement required by an insured in applying for insurance may either be a warranty, or it may establish a condition precedent. See Kobico, Inc. v. Pipe, 688 N.E.2d 1004, 1006 (Mass. App. Ct. 1997). To void a policy based on the insured making a false warranty, Massachusetts requires proof of an actual intent to deceive by the insured or of an increased risk of loss to the insurer. Mass. Gen. Laws ch. 175, § 186. This rule does not apply to conditions precedent. See Shaw v. Commercial Ins. Co. of N.J., 270 N.E.2d 817, 821 (Mass. 1971); see also Gen. Star Indemnity Co. v. Duffy, 191 F.3d 55, 60 n.2 (1st Cir. 1999). If an insured fails to satisfy a condition precedent, the coverage is void regardless of whether there was proof of an intent to deceive or an increased risk of loss. See Krause v. Equitable Life Ins. co., 129 N.E.2d 617, 619 (Mass. 1955) (stating that if "conditions . . . were not satisfied no contractual duty under the policy ever arose").

Distinguishing a warranty from a condition precedent presents a question of law. See Kobico, 688 N.E.2d at 1007; see also Drake Fishing, Inc. v. Clarendon Am. Ins. Co., 136 F.3d 851, 853 (1st Cir. 1998). Under Massachusetts law, a statement required of the insured is a condition precedent to obtaining coverage only

if (1) the statement relates "essentially to the insurer's intelligent decision to issue" the coverage, and (2) the statement is "made a condition precedent to recovery under the policy, either by using the precise words 'condition precedent' or their equivalent[.]" Charles, Henry & Crowley Co. v. Homes Ins. Co., 212 N.E.2d 240, 242 (Mass. 1965). The requirement that Fraidowitz must not be disabled to obtain additional coverage satisfies both parts of the condition-precedent standard.

There is no question that Fraidowitz not being disabled was essential to Mass. Mutual's "intelligent decision" to issue him additional coverage. As Fraidowitz acknowledges, Mass. Mutual would not have issued the coverage had he stated that he was disabled. Thus, his answer was critical to Mass. Mutual's decision to issue coverage. See id. (stating that the first aspect of the condition precedent test is met where the statement concerns "a fundamental fact" which the insurer considers in deciding to issue the policy); Paratore v. John Hancock Mut. Life Ins. Co., 141 N.E.2d 511, 513 (Mass. 1957) (stating that a requirement in a life insurance policy "that an insured is in sound health at the date of the policy is clearly a proper subject of a condition precedent" because such information is important to the insurer's decision to issue the policy).

While the policy does not use the words "condition precedent" to describe the no-disability requirement, Massachusetts

-8-

law imposes no magic words requirement.  See Kobico, 688 N.E.2d at 1007 (collecting Massachusetts cases in which courts have found a condition precedent, even though the policy did not use the term "condition precedent").  For example, the Supreme Judicial Court has held that a provision in a life insurance policy stating that the policy "shall be void" if the insured had been hospitalized for treatment of a serious disease within two years of the issuing date of the policy constituted a condition precedent.  Lopardi v. John Hancock Mut. Life Ins. Co., 194 N.E. 706, 707 (Mass. 1935).  This was so because the "natural meaning" of the phrase "shall be void" made the coverage contingent on the insured meeting the no-hospitalization requirement.  Id. at 708; see also Paratore, 141 N.E.2d at 513 (concluding that a similar clause created a condition precedent).

Fraidowitz's policy is similar to those at issue in Lopardi and Paratore.  The policy states that if Fraidowitz were disabled, then the period for purchasing additional coverage would be "postponed" until the disability abated.  In other words, Fraidowitz's option to buy additional coverage was "void" whenever he was disabled.  Lopardi, 194 N.E. at 707; see also Paratore, 141 N.E.2d at 513.  The "natural meaning" of the postponement clause was to make Fraidowitz's ability to buy additional coverage conditional on his not being disabled.  Lopardi, 194 N.E.2d at 708.

Fraidowitz did not satisfy this condition. When applying for additional coverage in July 2000, Fraidowitz stated that he was not disabled based on Mass. Mutual's denial of his claim. But, because of information subsequently submitted by Fraidowitz's mental health providers, Mass. Mutual declared him disabled retroactive to February 3, 2000. Thus, in July 2000, Fraidowitz both saw himself as disabled and was in fact disabled, making his option to buy additional coverage ineffective.

This conclusion has nothing to do with Fraidowitz's veracity in completing the additional-coverage application. As far as we can tell, Fraidowitz completed the application truthfully based on the information available to him at the time. But Fraidowitz's representation was wrong. See Krause, 129 N.E.2d at 618-19 (concluding that an insurance policy was ineffective where events occurring after the coverage application was submitted caused the insured to fail to meet a condition precedent). Because Fraidowitz did not satisfy the condition of not being disabled when purchasing additional coverage, Mass. Mutual had no obligation to pay him the additional benefits.

Fraidowitz has a final argument. He contends that there is a material dispute concerning whether Mass. Mutual waived its right to enforce the condition precedent because it had all the

information necessary to know that he was disabled when it decided to issue the additional coverage.[3]  We disagree.

We question whether waiver could even apply under Massachusetts law where the insured has failed to meet a condition precedent.  See Kukuruza v. John Hancock Mut. Life Ins. Co., 176 N.E. 788, 791 (Mass. 1931) (stating that the insurer's "knowledge of the falsity of the statements in the application for reinstatement would not establish waiver . . . of the express condition upon which the policy was reinstated . . .").  But assuming arguendo that waiver is a viable theory, it does not apply here.

For waiver to apply, there must be some evidence that Mass. Mutual knew that Fraidowitz was disabled when it issued him the additional coverage.  See Gen. Star Indemnity, 191 F.3d at 59.  Before October 2000, Mass. Mutual believed that Fraidowitz's mental health providers did not fully support his disability claim.  While the physician who supervised Fraidowitz's care sent Mass. Mutual a letter stating that Fraidowitz was unable to do his job, he also told Mass. Mutual in a subsequent phone conversation, that he thought Fraidowitz might be exaggerating his symptoms.  The doctor later clarified that Fraidowitz was disabled only per his own "self

_____

[3]Fraidowitz refers to this argument as a claim for estoppel. But estoppel requires a showing of reliance by the insured.  See Rotundi v. Arbella Mut. Ins. Co., 763 N.E.2d 563, 564-65 (Mass App. Ct. 2002).  As Fraidowitz has not attempted to make such a showing, we assume that he intended to argue waiver and not estoppel.

report."  Mass. Mutual was entitled to rely on these communications.  Only in October did Fraidowitz's doctors rescind their earlier skepticism and fully support his claim.  We think that before then Mass. Mutual lacked sufficient knowledge of Fraidowitz's condition for the waiver doctrine to apply.

**Affirmed**.