MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY *vs.* MARTIN C. SULLIVAN. April 27, 1977. The plaintiff commenced this action seeking a determination that the disability insurance policy issued to the defendant was void and that the plaintiff's only obligation was to return the premiums paid by the defendant. A master concluded that the policy was void because the defendant had failed to satisfy necessary conditions of the policy. The judge adopted the master's report, and judgment was entered declaring the policy to be void upon the plaintiff's payment to the defendant of the premiums paid plus interest. 1. The insurance policy states that "the Company shall incur no liability under [the] application unless ... at the time of ... [the first premium] payment all answers ... are then full, complete and true to the best of [defendant's] knowledge and belief ...." The defendant does not dispute the plaintiff's contention that his full, complete, and true answers were conditions precedent to the plaintiff's liability, and the case law establishes that language of this kind creates a condition precedent to the plaintiff's liability. *Faris* v. *Travelers Indem. Co.* 278 Mass. 204, 207 (1932). *Krause* v. *Equitable Life Ins. Co.* 333 Mass. 200, 203-204 (1955). *Warren* v. *Confederation Life Assn.* 401 F. 2d 487, 489-490 (1st Cir. 1968). Where statements in an insurance policy are expressly made conditions precedent to the insurer's liability, and the answers to the questions on the application are critical to the insurer's intelligent decision to issue the policy, the provisions of G. L. c. 175, § 186, relating to misrepresentations in an application for insurance do not apply. *Charles, Henry & Crowley Co. Inc.* v. *Home Ins. Co.* 349 Mass. 723, 726 (1965). See *Warren* v. *Confederation Life Assn. supra.* 2. We cannot say that the master's finding that prior to the time the defendant mailed the check, he had become aware that his answers on the application were not full, complete, and truthful to the best of his knowledge was clearly erroneous. Mass.R.Civ.P. 53(e)(2), 365 Mass. 820 (1974). *Michelson* v. *Aronson,* 4 Mass. App. Ct. 182, 185 (1976). We therefore do not reach the question whether the defendant's act of mailing the check, the receipt by the plaintiff, or the payment of the check by the defendant's bank constituted "payment" under the insurance policy. There was no error in declaring the policy to be void be-

cause of the defendant's failure to comply with a necessary condition precedent to the insurer's liability.

*Judgment affirmed.*

The case was submitted on briefs.
*Robert Cohen* for the defendant.
*Edward S. Rooney, Jr.,* for the plaintiff.