*Howard M. Brown* for the plaintiff.


DAVID E. WALSH *vs*. ELLEN M. MORRISSEY. No. 03-P-1354. June 24, 2005. *Contract,* Sale of real estate, Offer and acceptance. *Real Property,* Purchase and sale agreement.

Walsh, the prospective purchaser of a twelve-acre parcel of land in Cohasset, appeals from a judgment rejecting his claim that his offer, written on a standard Greater Boston Real Estate Board form, when signed by the owner, Morrissey, created a contract of sale, binding Morrissey to convey title, regardless of the parties' failure to execute the purchase and sale agreement contemplated by the offer. Awarding summary judgment to Morrissey, the judge ruled that the terms stated in the offer, read together with terms stated in a two-page handwritten addendum, left the arrangement between the parties too vague to be considered more than an unenforceable agreement to agree.

The parties executed the offer on February 2, 2001. Walsh made a deposit of $1,000. The offer required execution of a purchase and sale agreement no

later than February 16, 2001, and stated that "[t]ime is of the essence hereof." A two-page handwritten addendum provided for a sixty-day "due-diligence" period, a series of subsequent contingent deposits, an optional purchase money mortgage in favor of Morrissey as seller, and a discount for Morrissey in purchasing a condominium on the property should Walsh build condominium units. Sometime after the offer, but before the February 16 deadline, Morrissey's broker drafted and forwarded to Walsh a proposed purchase and sale agreement. Walsh did not respond, instead requesting, on February 16, an extension of the time for agreement until February 23. Morrissey did not execute the proposed extension. Walsh filed suit against Morrissey on February 27, 2001.

The parties did not agree in interpreting many of the provisions of the offer. The judge pointed to the offer's explicit contemplation of a subsequent purchase and sale agreement, disputes about the meaning of provisions of the offer, and material terms that were left too vague, in finding that the parties did not intend the offer to be a binding contract.

Summary judgment rejecting Walsh's claim of a binding agreement based on the offer would have been appropriate on the mortgage issue alone. Among other things, the addendum stated, "In addition, buyer shall have the right to purchase property within 1 year with an additional deposit of $250,000. Seller will hold a first mortgage of $1,000,000." This provision, potentially covering the payment terms for the bulk of the purchase price, was an essential term but lacked any specifications regarding interest rates or payment timing. Walsh contends that no interest was to be paid, but he concedes that this is a "major" term "forgotten" in the writing. This and other lacunae in the offer lead us to agree with the judge that the offer represented merely the parties' intent to negotiate further in the hope of coming to terms in a formal purchase and sale agreement on the specifics of a complex real estate transaction. By itself, the offer was an unenforceable "agreement to reach an agreement" at some later time. *Rosenfield* v. *United States Trust Co.*, 290 Mass. 210, 217 (1935).

In *McCarthy* v. *Tobin*, 429 Mass. 84 (1999), the Supreme Judicial Court determined there was a binding contract in a case involving a standard offer to purchase form. The court relied in part on the form's printed notice that it "creates binding obligations." *Id.* at 87-88. Although the offer form in the case at bar contained a similar notice that "[t]his is a legal document that creates binding obligations," this case and *McCarthy* are dramatically different. In *McCarthy*, the parties filled out the standard offer to purchase form, describing the property, the price, deposit and title requirements, and the time and place of closing. *Id.* at 85. The court mentioned only one additional term, a typewritten insertion stating, "Subject to a Purchase and Sale Agreement satisfactory to Buyer and Seller." *Ibid.* Had the parties in the case before us simply filled out the offer form, as in *McCarthy*, that case would control, but here the parties deviated from the form's clear provisions. The complex and ambiguous terms added via the two-page addendum, including the purchase money mortgage and a contingent condominium buyback option, caused the contemplated sale here to depart from the clarity of the offer to purchase described in *McCarthy* v. *Tobin*, and introduced new elements to the transaction too significant to be considered ministerial or subsidiary, yet too vaguely framed to justify a conclusion that the parties intended to be bound by the terms of this offer.

The judge was correct in ruling that the signed offer was not a binding contract. Therefore, we need not address Walsh's further claims of error regarding the judge's rulings that Walsh would be unable to prevail on his claim of breach of the alleged contract because he failed to execute a purchase and sale agreement by the contractual deadline, and that Morrissey had neither waived the purchase and sale requirement nor engaged in anticipatory repudiation.

*Judgment affirmed.*

The case was submitted on briefs.

*Joel Z. Eigerman* for the plaintiff.

*Gordon M. Orloff* for the defendant.