NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-587

GREGORY HAYWARD

vs.

BERNADETTE MCCAFFREY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Gregory Hayward, appeals from a Superior Court summary judgment dismissing his complaint for specific performance of what he asserted was a contract for the sale of real estate to him by the defendant, Bernadette McCaffrey. The judge concluded that although the parties entered a written agreement on a standard form offer to purchase real estate (OTP), an addendum to the OTP rendered it nonbinding. We agree and therefore affirm the judgment.

The addendum stated in relevant part,

"The purpose of this document is to memorialize certain business points[.] [T]he parties mutually acknowledge that their agreement is qualified and that they, therefore, contemplate the drafting and execution of a more detailed agreement. They intend to be bound only by the execution of such an agreement and not by this preliminary document."

This is the precise language identified in Goren v. Royal Invs., Inc., 25 Mass. App. Ct. 137, 143 (1987), as sufficient to prevent an OTP from becoming binding even if it otherwise includes the requisite material terms.  The Supreme Judicial Court has likewise stated, in another OTP case, that "[i]f parties do not intend to be bound by a preliminary agreement until the execution of a more formal document, they should employ language such as that suggested" in Goren.  McCarthy v. Tobin, 429 Mass. 84, 88 n.3 (1999).

That the form OTP here included a heading labeling it a "[b]inding [c]ontract," cannot control over the specific language in the addendum declaring the parties' intention not to be bound.  Contrast McCarthy, 429 Mass. at 87-88 (notice printed on form, stating that OTP "create[d] binding obligations," bolstered inference that parties intended to be bound).  The addendum, as is evident from the other matters addressed in it, was prepared for the specific purpose of this OTP, and Hayward signed the addendum itself, as well as the OTP form. "[S]pecific terms and exact terms are given greater weight than general language."  Kobico, Inc. v. Pipe, 44 Mass. App. Ct. 103, 108 (1997), quoting Restatement (Second) of Contracts § 203(c) (1981) (Restatement).  And "separately negotiated or added terms are given greater weight than standardized terms or other terms not separately negotiated."  Restatement § 203(c).

2

Hayward's reliance on the implied covenant of good faith and fair dealing is unavailing. That covenant "is implied in every contract." Uno Restaurants, Inc. v. Boston Kenmore Realty Corp., 441 Mass. 376, 385 (2004). Here, however, the addendum prevented formation of a contract. Thus, there could be no implied covenant.

Hayward poses a rhetorical question: if the OTP "carried no legal weight, why sign it at all, and why sign it under a time deadline?" But the court in Goren recognized that "[t]here is commercial utility to allowing persons to hug before they marry." Goren, 25 Mass. App. Ct. at 142, citing Tull v. Mister Donut Dev. Corp., 7 Mass. App. Ct. 626, 631-632 (1979). See Restatement § 21 comment b. Hayward offers no reason to revisit or disregard these authorities.

Hayward suggests that giving effect to the addendum would [a]llow[] the [s]eller to void the contract while binding the [b]uyer." But there is no such asymmetry; the language of the addendum clearly states that neither party intends to be bound. Hayward also asserts that giving effect to the addendum "would effectively render nearly all residential real estate offers meaningless." Hayward cites to no evidence that the use of such language is widespread. But even if it were, he offers no reason why parties to OTPs should not be able to limit their exposure in this manner. "If '[p]arties to what would otherwise

3

be a bargain and a contract . . . agree that their legal relations are not to be affected [,] [i]n the absence of any invalidating cause, such a term is respected by the law like any other term.'" Goren, 25 Mass. App. Ct. at 142, quoting Restatement § 21 comment b.

Because this case is governed by the addendum language suggested in Goren, 25 Mass. App. Ct. at 143, and ratified by McCarthy, 429 Mass. at 88 n.3, we need not address the judge's partial reliance on Walsh v. Morrissey, 63 Mass. App. Ct. 916 (2005), in which the OTP did not contain such language. Likewise, we need not address McCaffrey's argument for affirmance on the alternative ground that the OTP was not accepted in the exact manner its terms required. The limited

record before us does not clearly establish the absence of a dispute of material fact on that point.

<u>Judgment affirmed</u>.

By the Court (Desmond, Sacks & Brennan, JJ.[1]),

*Paul Little*

Clerk

Entered:  May 7, 2025.

---

[1] The panelists are listed in order of seniority.