NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-514

CLAIRE J. DELOID

vs.

FRANCIS E. ELLIS, JR. & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Defendant Francis E. Ellis, Jr., appeals from an amended judgment entered after a jury trial in the Superior Court.  The judgment, as amended, found Ellis liable to the plaintiff, Claire J. DeLoid, for conspiring with defendant Jamie M. Ferreira to defraud the plaintiff in the amount of $151,000 (count III of the plaintiff's complaint) and for fraudulent conveyance of assets of $126,000 (count IX), plus prejudgment interest.  The amended judgment also declared a resulting trust in favor of the plaintiff on property in Wareham ostensibly owned by Ellis (count VIII).  Ellis also appeals from the denial

_____

[1] Jamie M. Ferreira; John J. Ferreira, also known as John J. Ferreira, Sr.; and Mary Ellen L. Ferreira, individually and as trustees of the John and Mary Realty Trust.

of his motion for judgment notwithstanding the verdict and motion for a new trial. Because most of the issues raised in Ellis's brief are waived, and the few issues properly before us lack merit, we affirm.

Discussion. 1. Trial errors. The Supreme Judicial Court, "on numerous occasions, has held that issues not raised below cannot be argued for the first time on appeal." Boss v. Leverett, 484 Mass. 553, 562-563 (2020). "The reason for this fundamental rule of appellate practice is well established: it is important that an appellate court have before it an adequate record and findings concerning a claim to permit it to resolve that claim properly." Id. at 563, quoting R.W. Granger & Sons, Inc. v. J & S Insulation, Inc., 435 Mass. 66, 74 (2001).

For the first time on appeal, Ellis claims that the jury were not informed of the amount of damages that had already been awarded against Ferreira and not instructed how to assess Ferriera's liability in determining Ellis's liability; that the verdict slip did not provide the jury with appropriate guidelines for calculating damages; that the judge did not properly instruct the jury on the knowledge requirement for civil conspiracy as set forth in Kurker v. Hill, 44 Mass. App. Ct. 184, 189 (1998); that evidence of Ferreira's criminal conviction and of the purchase of one of two Cadillac automobiles was erroneously admitted; and that the judge

2

inadequately answered a question from the jury during deliberations regarding how to determine damages. As nothing in the record before us indicates that Ellis asserted any of these claims when they arose at trial, we decline to address them. See Cormier v. Pezrow New England, Inc., 437 Mass. 302, 311 (2002) (claimed error in judge's instructions to jury waived by failure to object at trial); Shafnacker v. Raymond James & Assocs., 425 Mass. 724, 731 (1997) (claimed error in verdict form waived by failure to object at trial); Mullins v. Pine Manor College, 389 Mass. 47, 57 n.13 (1983) (claimed error in admission of evidence waived by failure to object); Simon v. Solomon, 385 Mass. 91, 107 (1982) (because plaintiff did not object to judge's instructions on damages, plaintiff "cannot claim appellate relief on the basis of defects in the instructions"); Mass. R. Civ. P. 51 (b), 365 Mass. 816 (1974) (failure to object to "the giving or the failure to give an instruction" before jury retires to consider verdict waives issue).

Ellis did object, on relevance grounds, to evidence of his income tax filings. "Whether evidence is relevant is a question addressed to the substantial discretion of the trial judge, whose decision we will not overturn except for palpable error." Rabinowitz v. Schenkman, 103 Mass. App. Ct. 538, 541–542 (2023), quoting Kobico, Inc. v. Pipe, 44 Mass. App. Ct. 103, 109 (1997).

The plaintiff offered Ellis's tax records, which showed his failure to report certain income, some of it received from or on behalf of Ferreira, to demonstrate Ellis's knowledge of Ferreira's fraudulent conduct and participation in fraudulent conveyances, as well as to impeach Ellis's credibility. The judge did not abuse his substantial discretion in finding this evidence to be relevant. Although "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice," Gath v. M/A-Com, Inc., 440 Mass. 482, 490 (2003), Ellis made no argument that the documents were unfairly prejudicial, nor did he request a limiting instruction to mitigate any prejudice. See Mailhiot v. Liberty Bank & Trust Co., 24 Mass. App. Ct. 525, 529 n.5 (1987) ("The defendants did not request a limiting instruction, and cannot complain now").

2. Sufficiency of the evidence. Ellis also argues that the evidence was insufficient to establish a civil conspiracy with Ferreira.[2] Ellis preserved this issue by raising it, albeit in general terms, in his motion for a directed verdict. Because

---

[2] Although the caption of this argument section of the brief refers to all three counts against Ellis, the argument itself is limited to the claim of civil conspiracy (count III). We limit our decision to the claim raised. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("The appellate court need not pass upon questions or issues not argued in the brief . . .").

4

he did not present any evidence after the plaintiff rested, Ellis was not required to renew the motion at the close of all the evidence. See Martin v. Hall, 369 Mass. 882, 884 (1976).

Specifically, Ellis argues that the evidence did not show that when Ellis engaged in financial transactions with or on behalf of Ferreira, he was aware that Ferreira had obtained his funds by defrauding the plaintiff. As the judge explained in his jury instructions, the plaintiff alleged that Ferreira and Ellis had "acted in concert" to funnel fraudulently-obtained funds into real estate, automobiles, and other vehicles in Ellis's name to conceal the assets from Ferreira's creditors. To find Ellis liable, the judge instructed the jury that they were required to find two elements: (1) a "common design or agreement" between Ferreira and Ellis, even if not expressed, to keep assets out of Ferreira's name and to defraud Ferreira's creditors, including the plaintiff; and (2) that Ellis "provided substantial assistance or encouragement in furtherance of the agreement."

"Key to this cause of action is a defendant's substantial assistance, with the knowledge that such assistance is contributing to a common tortious plan." Kurker, 44 Mass. App. Ct. at 189. Such knowledge, however, can be proven by circumstantial evidence. See Henry W. Savage, Inc. v. Wheelock,

5

230 Mass. 111, 116 (1918); Ricky Smith Pontiac, Inc. v. Subaru of New England, Inc., 14 Mass. App. Ct. 396, 419 (1982).

The evidence permitted the jury to infer that Ellis and Ferreira were in close communication, that Ellis knew Ferreira was taking money from the plaintiff, and that Ellis assisted Ferreira in making purchases with the plaintiff's money and hiding those purchases from the plaintiff and other creditors, such as the Internal Revenue Service. The evidence showed numerous transactions in which Ferreira and Ellis used checks signed or provided by the plaintiff to make purchases of real and personal property for Ellis. Ferreira and Ellis frequently shopped together for these items, including an "ATV", personal watercraft, and an excavator, which Ellis purchased in his own name but soon transferred to Ferreira, who then sold them. Ellis admitted that these vehicles spent little to no time in his possession. At least once, Ellis received a "kickback" for his role in the purchase. Ellis was aware that Ferreira had issues with paying taxes and child support, and agreed to front the purchases because Ferreira was "afraid of throwing up red flags." In addition, the evidence showed that Ellis assisted Ferreira in buying and selling vehicles through the automobile business that Ellis and his brother owned, that Ferreira received payment from the business, and that Ellis concealed these transactions from his brother. This evidence permitted

6

the jury to infer that Ellis knowingly participated in Ferreira's fraudulent conduct.

In his motion for a new trial, focusing on the jury instructions, Ellis argued that the jury's verdict was against the weight of the evidence and based on a misunderstanding of the law. The judge denied the motion, concluding, "Ellis has not shown that the jury failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law so as to warrant a new trial." To the extent Ellis argues on appeal that a new trial is warranted, we discern no abuse of discretion in the judge's determination that a new trial was not warranted. See Wahlstrom v. JPA IV Mgt. Co., 95 Mass. App. Ct. 445, 447 (2019) (judge should not grant new trial "unless it appears on a survey of the whole case that otherwise a miscarriage of justice would result" [citation omitted]).

3. Duplicative damages. Finally, Ellis argues that the damages awarded to the plaintiff under count III for civil conspiracy were duplicative of the damages awarded under count IX for fraudulent conveyance. See Szalla v. Locke, 421 Mass. 448, 453 (1995) ("Recovery of duplicative damages under multiple counts of a complaint is not permissible"). Because Ellis asserts this argument for the first time on appeal, it is waived. See Reckis v. Johnson & Johnson, 471 Mass. 272, 300 (2015), cert. denied 577 U.S. 1113 (2016) (where defendants

7

never challenged sufficiency of evidence of damages award in motion for directed verdict or judgment notwithstanding verdict, claim waived).[3]

Even if this claim were properly before us, our review would be "confined to the question whether the verdicts were supportable under any view of the case as submitted to the jury," Simon, 385 Mass. at 108, viewed in light of the jury instructions and the jury's response to the questions on the verdict slip. See Szalla, 421 Mass. at 453; Mailman's Steam Carpet Cleaning Corp. v. Lizotte, 415 Mass. 865, 870 (1993).[4] As to civil conspiracy, the judge instructed that Ellis could be held liable for all of the doings of the conspiracy, even if he was not aware of the entire scope of the conspiracy and even if his own share in the conspiracy was small. The verdict form framed damages as the amount "arising from" the conspiracy between Ellis and Ferreira. As to the fraudulent conveyance claim, the judge instructed that damages should be based on the value of the transferred assets, at the time of the transfer, and the verdict form asked for the total value of all assets

---

[3] In his motion for judgment notwithstanding the verdict, Ellis argued only that the resulting trust (count VIII) and the damages for fraudulent conveyance (count IX) were duplicative. He does not advance that argument here.

[4] As explained supra, any claim that the duplicative damages resulted from errors in or omissions from the jury instructions or verdict slip is waived.

fraudulently transferred to Ellis (or for his benefit) by Ferreira.  So instructed, given the extent of Ferreira's fraudulent activities and Ellis's participation, the jury had ample evidence to support awards of damages under both claims without duplication.  Thus, the record does not substantiate Ellis's claim that the damages were duplicative.[5]

<u>Amended judgment affirmed</u>.

<u>Order denying motion for judgment notwithstanding the verdict affirmed</u>.

<u>Order denying motion for a new trial affirmed</u>.

By the Court (Vuono, Massing & Allen, JJ.[6]),

*Paul Little*

Clerk

Entered:  October 6, 2025.

---

[5] The plaintiff's request for appellate attorney's fees and costs is denied.

[6] The panelists are listed in order of seniority.

9